IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **U.S. BANK, NA** *as successor to FDIC as receiver for Park National Bank*, | ] |
| Plaintiff, | ] |
| v. | ]   CV-09-BE-0523-E |
| **MICHAEL HOFFMAN,** | ] |
| Defendant. | ] |

## MEMORANDUM OPINION

This case comes before the court on "Plaintiff's Motion for Summary Judgment Against Michael Hoffman, an Individual" (doc. 14). The parties have fully briefed the motion. Plaintiff U.S. Bank asserts that the Defendant executed a guaranty agreement in favor of the Plaintiff and subsequently breached the agreement. Defendant Hoffman argues that equitable estoppel and waiver preclude the Plaintiff from asserting its breach of contract claim against him. For the reasons stated below, the Plaintiff's motion for summary judgment (doc. 14) will be GRANTED. The court will simultaneously enter a separate order to that effect.

## FACTS

Defendant Hoffman executed a guaranty agreement to secure a promissory note executed by The Noble Building, LLC in the amount of $2,900,000.00. The Noble Building, LLC also secured the note by giving the Plaintiff a mortgage on The Noble Building. The Building fell behind on payments.

In January 2008, The Noble Building, LLC reached an agreement with BAE Systems, a

1

potential tenant, to lease space that another tenant desired to vacate; however, In July 2009, BAE learned that Plaintiff U.S. Bank filed a foreclosure action on the property.  As a result, BAE Systems declined to sign the lease.

In the middle of 2008, a tenant of The Noble Building stated its desire to buy out its lease for a substantial cash payment.  Plaintiff's vice president demanded that this money be paid to the Plaintiff and held in escrow.  Relying on the vice president's statement, the Defendant did not enter into the buy out.

When Plaintiff filed its complaint on March 17, 2009, The Noble Building, LLC was behind $79,760.00 on the note and the Plaintiff held $83,500.00 to be used for improving The Noble Building.  On at least two prior occasions, Defendant Hoffman presented Plaintiff with proposals to use the escrow funds to renovate empty spaces of the building for additional tenants.  Plaintiff's vice president denied the requests and stated that she would not release the escrow funds because the funds might be needed to make the loan payments if any tenants left the building.  The Plaintiff sold the property at a foreclosure sale on August 14, 2009 for $2,100,000.00 to a third party.  The Noble Building now owes $1,222,484.60[1] to the Plaintiff.

Pursuant to the guaranty agreement, Defendant Hoffman is personally liable for any and all amounts The Noble Building, LLC is obligated to make to the Plaintiff under the promissory note.  To date, Defendant Hoffman has failed to pay to the Plaintiff the outstanding indebtedness of The Noble Building, LLC.

## STANDARD OF REVIEW

---

[1] This amount includes the deficiency owed pursuant to the note, including interest, costs, and attorneys fees, less all amounts held in escrow and the foreclosure bid price.

Summary judgment is an integral part of the Federal Rules of Civil Procedure. Summary judgment allows a trial court to decide cases when no genuine issues of material fact are present and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56. When a district court reviews a motion for summary judgment it must determine two things: (1) whether any genuine issues of material fact exist; and if not, (2) whether the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56). The moving party can meet this burden by offering evidence showing no dispute of material fact or by showing that the non-moving party's evidence fails to prove an essential element of its case on which it bears the ultimate burden of proof. *Celotex*, 477 U.S. at 322-23. Rule 56, however, does not require "that the moving party support its motion with affidavits or other similar materials *negating* the opponent's claim." *Id.*

Once the moving party meets its burden of showing the district court that no genuine issues of material fact exist, the burden then shifts to the non-moving party "to demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). In this case, for purposes of summary judgment, the Defendants do not dispute Plaintiff's claim that she was not paid for overtime. Thus, the court must determine whether TLC is entitled to judgment as a matter of law.

In reviewing the evidence submitted, the court must "view the evidence presented

through the prism of the substantive evidentiary burden," to determine whether the nonmoving party presented sufficient evidence on which a jury could reasonably find for the nonmoving party. *Anderson*, 477 U.S. at 254; *Cottle v. Storer Commc'n, Inc.*, 849 F.2d 570, 575 (11th Cir. 1988). Furthermore, all evidence and inferences drawn from the underlying facts must be viewed in the light most favorable to the non-moving party. *Graham*, 193 F.3d at 1282. The non-moving party "need not be given the benefit of every inference but only of every reasonable inference." *Id.* The evidence of the non-moving party "is to be believed and all justifiable inferences are to be drawn in [its] favor." *Anderson*, 477 U.S. at 255. After both parties have addressed the motion for summary judgment, the court must grant the motion *if* no genuine issues of material fact exist *and if* the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56.

## DISCUSSION

Plaintiff U.S. Bank brings this breach of contract action based on the Defendant's failure to pay all sums due pursuant to a guaranty agreement. The Plaintiff has foreclosed on the building that secured the note and now seeks $1,222,484.60 from the Defendant. The parties do not dispute the facts that support the Plaintiff's breach of contract claim; however, Defendant Hoffman asserts that the affirmative defenses of equitable estoppel and waiver create genuine issues of material fact regarding the validity of the Plaintiff's claim. Defendant Hoffman contends that because of the loss of prospective tenants caused by the foreclosure, the inability to improve the property for prospective tenants, and the inability to negotiate a buy out with a tenant, the Plaintiff prevented The Noble Building, LLC from having the necessary cash flow to make the loan payments.

To recover on a breach of contract claim, a plaintiff must prove "(1) the existence of a valid contract binding the parties in the action, (2) his own performance under the contract, (3) the defendant's nonperformance, and (4) damages." *State Farm Fire & Cas. Co. v. Slade*, 747 So. 2d 293, 303 (Ala. 1999). In the instant case, the Plaintiff has presented sufficient evidence showing that (1) the Defendant entered into a valid guaranty contract with the Plaintiff, (2) the Plaintiff performed under the contract, (3) the Defendant failed to pay the monies owed by The Noble Building, LLC, and (4) as a result of the Defendant's failure to pay, the Plaintiff incurred damages.

Defendant Hoffman has not presented any issues of material fact regarding whether the Plaintiff has presented a viable breach of contract claim. Instead, the Defendant contends that the record contains genuine issues of material fact regarding his affirmative defenses–equitable estoppel and waiver. Thus, the sole issue before the court is whether genuine issues of material fact related to the Defendant's equitable estoppel and waiver defenses preclude judgment as a matter of law in favor of the Plaintiff.

*Equitable Estoppel*

For the equitable estoppel defense to apply, Defendant Hoffman must show the following:

(1) that the Plaintiff communicated something in a misleading way, either by words, conduct, or silence, with the intention that the communication will be acted on;

(2) that he lacked knowledge of the facts and relied upon the communication; and

(3) that he would be harmed materially if the Plaintiff is now permitted to assert a claim inconsistent with Plaintiff's earlier conduct.

*See Allen v. Bennett*, 823 So. 2d 679, 685 (Ala. 2001).

Assuming, arguendo, that the Defendant could show the first and second elements of equitable estoppel, Defendant's affirmative defense fails because he has not shown the third element–that he would be harmed materially if the Plaintiff is now permitted to assert a claim *inconsistent* with Plaintiff's earlier conduct.

The Defendant has not shown that the Plaintiff is asserting any inconsistent claim. Although Plaintiff allegedly refused to allow the Defendant to use the escrow funds for improvements, Plaintiff's subsequent act of applying the escrow funds to the debt owed by The Noble Building, LLC is *consistent* with the Plaintiff's statement that the funds would not be used for improvements because they might be needed to pay the debt. Defendant has not shown how any act or statement of the Plaintiff is inconsistent with its instant claim seeking payment under the guaranty agreement.

Stepping out on a very thin limb and assuming that the Plaintiff's expectation of payment is inconsistent with its refusal to allow improvements, Defendant Hoffman cannot argue in good faith that 1) when the Plaintiff refused to use the escrow monies for improvement, the Plaintiff intended that the Noble Building stop making payments on the loan; 2) the Defendant, lacking knowledge of the facts and believing that Plaintiff no longer expected payment, detrimentally relied on the Plaintiff's representation; and 3) therefore the Defendant would be materially harmed if the court orders him to pay the Noble Building's debt according to the guaranty agreement. As such, the Defendant has failed to demonstrate the requirements of equitable estoppel.

Even though the Defendant has not met the requirements of equitable estoppel, he argues that the Plaintiff is estopped from asserting its claim because the Plaintiff *caused* The Noble

Building's default.  However, the Defendant's allegation that the Plaintiff's refusal to allow the Noble Building to make improvements on the building caused a decrease in the Noble Building's income and thus caused the Noble Building to be unable to make payments and in turn caused Defendant Hoffman to be obligated under the guaranty agreement is too attenuated to survive summary judgment.  Even assuming that the Plaintiff refused to allow the Defendant to use the escrow money for improvements, the record does not contain sufficient evidence to create a genuine issue of material fact as to whether that refusal prevented the Noble Building, LLC from making timely payments.

To reach the conclusion asserted by the Defendant, the court would have to assume that the addition of improvements would have caused tenants to move into the Noble Building and that they would have paid their rent.  Considering the current economic climate, the court could just as reasonably speculate and conclude that despite the improvements, tenants would not have flocked to the Noble Building, or, if they did, they would not be able to pay their rent.  Further, the court should not assume the Noble Building would have *applied* received rent payments toward the debt owed to Plaintiff rather than to other operating expenses, such as keeping the lights on.

Lastly, Defendant Hoffman has not shown how any rendition of the facts precluded *him* from fulfilling *his* duty under the guaranty agreement.  Defendant Hoffman signed an agreement that specifically states that his duty to guaranty the debt of the Noble Building remains regardless of whether any action taken with respect to the building "prejudices Guarantor or increases the likelihood that Guarantor will be required to pay the Guaranteed Obligations."  Accordingly, the court rejects the Defendant's equitable estoppel argument because the court finds no genuine

issues of material fact regarding the validity of the Defendant's equitable estoppel defense.

*Waiver*

Neither has the Defendant shown that Plaintiff waived its rights under the guaranty agreement. "Waiver is the intentional relinquishment of a known right." *Edwards v. Allied Home Mortgage Capital Corp.*, 962 So. 2d 194, 208 (Ala. 2007). The "intentional relinquishment" must be unequivocal. *Id.* "A party's intent to waive a right may be found from conduct that is inconsistent with the assertion of that right." *Id.* at 209. Accepting the Defendant's version of the facts as true, a court could *possibly* find that the Plaintiff's alleged acts prevented *The Noble Building, LLC* from fulfilling its duties under the note; however, the Defendant has not produced sufficient evidence to show that the Plaintiff relinquished its rights under the guaranty agreement by preventing the *Defendant* from performing under the guaranty agreement.

To support his waiver argument, the Defendant asserts that he did not enter into the lease buy out agreement because of the Plaintiff's statement to the borrower (The Noble Building, LLC) that any funds from the buy out would be put in escrow. Defendant contends that this untrue statement caused him to not enter into the buyout.[2] Nevertheless, the Defendant still has not shown that Plaintiff's actions constituted a waiver of its rights under the guaranty agreement, i.e., a voluntary relinquishment of its rights under the guaranty agreement.

First, the guaranty agreement states that no waiver shall be effective unless in writing. Defendant Hoffman presents no evidence of a written waiver; therefore, the court could reject his

---

[2]Equitable estoppel does not apply to the alleged untrue statement because no act of the Plaintiff is inconsistent with this statement.

8

defense on this fact alone.  Second, the Defendant merely asserts that the foreclosure caused the Defendant to lose money that could have been paid toward the debt because a tenant was ready to sign a lease agreement before the tenant learned of the foreclosure.  Not only does Defendant's assertion not support his waiver argument, but it is merely more speculation upon speculation.  Additionally, the Defendant has not produced any evidence showing that a tenant was about to enter into a lease agreement.  The Defendant's waiver defense is not viable because the Defendant has not produced evidence showing a genuine issue of material fact suggesting that the Plaintiff unequivocally relinquished its rights under the guaranty agreement.

## CONCLUSION

For the reasons stated above, the court GRANTS the Plaintiff's motion for summary judgment.  A separate order to that effect will be entered simultaneously.

DONE and ORDERED this 20th day of January, 2010.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE